ROBERT P. STOLL v. RICHARD D. WILSON.

1. A plea setting up a discharge in bankruptcy, under the United States bankrupt act, must set out a copy of the discharge, and conclude with a verification.

2. A defective plea of discharge in bankruptcy is amendable on terms.

In case. On motion to strike out plea.

Argued at June Term, 1875, before Justices SCUDDER, KNAPP and DIXON.

For the motion, *J. G. Shipman.*

Contra, *Fitch.*

The opinion of the court was delivered by

DIXON, J. This is a motion to strike out the defendant's third plea. By the plea, the defendant alleges that, after the making of the promises sued on, and before the commencement of the suit, he became a bankrupt, within the meaning of the act of Congress, approved March 2d, 1867, and having been adjudged a bankrupt, he was discharged, under that act, from all debts existing against him on the 2d day of January, A. D. 1868, before which day the plaintiff's debt accrued; and the plea concludes to the country. The objections urged against the plea are, that it does not set forth the discharge in its words, and that it concludes to the country.

The plea in question has, doubtless, been drawn with the view of conforming to the precedent given by Chitty, but the draftsman has failed to notice that that form rests upon the English statute of 6 *Geo. IV*, and is good only because that statute expressly authorizes it; our bankrupt act also authorizes a particular method of pleading a discharge in bankruptcy, but not in the form given by Chitty ; our act, section 34, provides that the discharge " may be pleaded by a simple averment that on the day of its date, such discharge was granted to the bankrupt, setting the same forth in *haec verba*, (or as amended in the revision of 1874, setting a full copy of the same forth in its terms,) as a full and complete bar to all suits," &c.   The plea before us does not comply with these requirements.

As a plea at common law, it is clearly bad.   It does not aver what court adjudged the defendant to be a bankrupt, or granted him his discharge as such, nor set out the facts upon which any court would acquire jurisdiction so to do.   As proceedings in bankruptcy are wholly statutory, the common law rules of pleading would condemn an attempt to set up those proceedings in bar, without alleging these facts so essential to their validity.   *Sackett* v. *Andross*, 5 *Hill* 327.

Whether under the bankrupt act, or at common law, the plea should conclude with a verification, since it introduces new matter which the plaintiff may either deny, or confess and avoid.

The plea should be struck out.   The defendant having applied for leave to amend, may do so, on payment of costs. *Lee* v. *Phillips*, 6 *Hill* 246.